UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATAWNYA COWAN, | No. 2:25-cv-0697 DJC AC PS |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 5, duplicate filed at ECF No. 8) will therefore be granted. Plaintiff also filed two motions for appointment of counsel (ECF Nos. 3 and 6) and a motion to e-file (ECF No. 7). These motions are denied, for the reasons explained below.

I. SCREENING

A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

1   Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the
2   complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The
3   Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-
4   rules-practice-procedure/federal-rules-civil-procedure.

5         Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
6   plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
7   court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
8   to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
9   sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
10  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in
11  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
12  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
15  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
16  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
17  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
18  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
19  denied, 564 U.S. 1037 (2011).

20        The court applies the same rules of construction in determining whether the complaint
21  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
22  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
23  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
24  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
25  (1972).  However, the court need not accept as true conclusory allegations, unreasonable
26  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
27  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
28  ////

to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Plaintiff sues multiple defendants stating that they acted under color of law to violate her rights under 42 U.S.C. § 1983 and several other federal laws. ECF No. 1 at 1-2. Plaintiff writes that her rights were violated because she was denied accommodations, policy modifications, and other forms of assistance. ECF No. 1 at 2. The complaint consists of a single long paragraph that does not contain any facts, but alleges in conclusory terms that plaintiff was denied various forms of assistance, protection, and relief. Id. Plaintiff provides a Missouri address for herself, but states that she moved to California in 1996 and has "participated in CA State Rehabilitations Services f/t Blind & disabled since that time." Id. at 1-2.

C.  Discussion

Plaintiff's complaint cannot be served at this time for several reasons. First, the complaint does not contain a "short and plain" statement setting forth the basis for plaintiff's claims, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1) (3). The exact nature of what happened to plaintiff is unclear from the complaint, which does not contain any facts. The court cannot tell from examining the complaint what legal wrong was done to plaintiff by whom, or how any alleged harm is connected to the relief plaintiff seeks. It is also unclear when the harm occurred. It is not enough for plaintiff to state that she has been harmed or has been denied services; the complaint must set forth the facts

explaining what each defendant did to violate plaintiff's rights.

Because the complaint does not contain any clear factual allegations, the complaint cannot be served. However, rather than recommending dismissal, the court will allow plaintiff to file an amended complaint correcting the problems outlined above.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts to support each allegation. Conclusory statements are not enough. The amended complaint must contain a short and plain statement of plaintiff's claims, set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

////

4

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff moves for appointment of counsel on the grounds that she is disabled, and her only source of income is a needs-based welfare program. ECF No. 3. She also states that she needs counsel because she does not have access to a computer and has to pay a disability assistant, use handicap transit, and the law library and court websites, which are not adequately accessible. ECF No. 6. In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case does not appear at this stage to be overly complex. See ECF No. 1. The fact that plaintiff is disabled does not warrant appointment of counsel. Normal challenges faced by pro se litigants do not justify appointment of counsel. Siglar v. Hopkins, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants."). While the court is sensitive to the health challenges faced by plaintiff, they are not unlike the challenges faced by many pro se litigants and do not warrant appointment of counsel. Plaintiff is encouraged

1  to continue to utilize local resources, such as her local library, for assistance. The motions to
2  appoint counsel are denied.

3                          IV.  MOTION TO ELECTRONICALLY FILE

4       The court is in receipt of plaintiff's request to participate in electronic filing pursuant to
5  Local Rule 133(b). ECF No. 7. Although the Eastern District of California is an electronic
6  management/filing district, unrepresented persons are required to file and serve paper documents
7  unless the assigned District Judge or Magistrate Judge grants leave to utilize electronic filing.
8  L.R. 133(a), (b)(2). A pro se party may bring a request to use electronic filing as a written motion
9  setting out an explanation of reasons for the requested exception. The court has reviewed the
10 filing and DENIES plaintiff's request because it lacks the necessary information required by the
11 Local Rule and indicates that plaintiff does not have regular access to a computer. ECF No 7 at 1
12 ("Plaintiff does not have a accessible computer and has to pay a disability assistant, handicap
13 transit, reader/scribe costs to participate in the case as the library, court website and forms are
14 NOT accessible to the blind . . ."). It appears to the court that neither email service nor electronic
15 filing is not appropriate in this case due to plaintiff's lack of regular access to a computer.
16 Plaintiff has demonstrated her ability to use the paper filing system by filing this case and by
17 continuing to successfully file motions. Accordingly, the court concludes that the motion must be
18 denied.

19                          V.  PRO SE PLAINTIFF'S SUMMARY

20      Your request to be excused from paying the filing fee is being granted. However, it is not
21 clear that this case can proceed in federal court. The court cannot tell from your complaint what
22 legal harm was done to you because you do not allege enough facts. Your complaint needs to
23 clearly explain how your rights were violated – it is not enough just to say that they were violated.
24 You must explain exactly what each defendant did that violated your rights. Your lawsuit cannot
25 proceed unless you fix the problems with your complaint.

26      You are being given 30 days to submit an amended complaint that provides a proper basis
27 for federal jurisdiction. If you submit an amended complaint, it needs to explain in simple terms
28 what laws or legal rights of yours were violated, by whom and how, and how those violations

                                         6

impacted each plaintiff. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

The court is denying your motions to appoint counsel and your motions for electronic filing. You are encouraged to continue to use local resources to help you prosecute your case.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 5) is GRANTED and the duplicate motion (ECF No. 8) is DENIED as MOOT;
2. Plaintiff's motions to appoint counsel (ECF Nos. 3 and 6) are DENIED;
3. Plaintiff's motion to electronically file (ECF No. 7) is DENIED;
4. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: May 1, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE